**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3054
_____

MARIO ENRIQUE MATEO-DIEGO,
                                        Petitioner
v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision
of the Board of Immigration Appeals
(Agency No. A216-430-384)
Immigration Judge: Pallavi S. Shirole
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 6, 2021

Before: SHWARTZ, KRAUSE, and FUENTES, *Circuit Judges*

(Opinion filed July 19, 2021)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Mario Enrique Mateo-Diego, a native and citizen of Guatemala, petitions for review of a decision by the Board of Immigration Appeals (BIA) affirming the denial of his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). Because we conclude that his due process rights were not violated and that the BIA applied the correct standard of review, we will deny the petition.

## A.    Discussion[1]

On appeal, Mateo-Diego raises two arguments: (1) that his procedural due process rights were violated when his wife was not permitted to give telephonic testimony at his merits hearing before the Immigration Judge (IJ); and (2) that the BIA failed to apply the correct legal standard in reviewing the IJ's determination that his wife and children would not suffer "exceptional and extremely unusual hardship" upon his removal.

### 1.    *Mateo-Diego's Due Process Rights Were Not Violated*

Mateo-Diego argues that the IJ violated his due process rights by denying his request to have his wife, who was the principal witness in support of his application, testify by telephone. To establish a due process violation, a noncitizen must show "(1) that he was prevented from reasonably presenting his case and (2) that substantial prejudice resulted." *Fadiga v. Att'y Gen.*, 488 F.3d 142, 155 (3d Cir. 2007) (internal quotation marks omitted).

---

[1] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b) and 1240.15, and we exercise jurisdiction under 8 U.S.C. § 1252(a). We lack "jurisdiction to review the denial of discretionary relief, including cancellation of removal," but "may . . . review 'constitutional claims or questions of law raised upon a petition for review.'" *Pareja v. Att'y Gen.*, 615 F.3d 180, 186 (3d Cir. 2010) (quoting 8 U.S.C. § 1252(a)(2)(D)).

And to show "substantial prejudice," the noncitizen must demonstrate that the procedural violation has "the *potential* for affecting the outcome of the deportation proceedings." *Serrano-Alberto v. Att'y Gen.*, 859 F.3d 208, 213 (3d Cir. 2017) (emphasis in original) (internal quotation marks and alteration omitted). Neither element is present here.

First, the IJ did not prevent Mateo-Diego from reasonably presenting his case. Because of the ongoing COVID-19 pandemic, Mateo-Diego's wife was not permitted to leave the shelter in which she and the couple's children were residing and, consequently, she could not appear at Mateo-Diego's hearing in person. The IJ's refusal to permit her to testify by phone thus effectively precluded her from giving live testimony, at least at the hearing as originally scheduled. The IJ therefore gave Mateo-Diego the option to continue the hearing until his wife could appear in person. It was Mateo-Diego who elected to proceed with the hearing and to rely only on his testimony and his wife's written affidavit.

Neither can Mateo-Diego make the requisite showing of prejudice. According to Mateo-Diego, his wife would have testified by telephone about the impact of his removal on her and their family. But her affidavit, which the IJ took into account, already explained that she was dependent on Mateo-Diego for financial support, that, as a consequence of his detention pending removal proceedings, she had been forced to move to a shelter and rely on government benefits, and that she could no longer afford medication for their daughter's severe eczema. *See Romanishyn v. Att'y Gen.*, 455 F.3d 175, 185–86 (3d Cir. 2006) (holding that petitioner suffered no prejudice from IJ's denial of his request to call additional witnesses because IJ accepted and considered those witnesses' affidavits). And although Mateo-Diego maintains that his wife's telephonic testimony would have

3

"exceed[ed] the scope of her written statement" and "more fully explained" the hardship his family faced, Pet'r Br. 19, he does not specify what evidence that testimony would have added.

These sorts of general allegations that live testimony would have "more fully explained" circumstances already in the record are insufficient to show prejudice. *Id.*; *see Singh v. Gonzales*, 432 F.3d 533, 541 (3d Cir. 2006) (holding that no prejudice resulted from petitioner's alleged inability to call all the witnesses he desired because he did not explain the legal significance of their potential testimony). Because the IJ reviewed her affidavit and considered the family circumstances to which Mateo-Diego's wife would have testified, the IJ's denial of the request for telephonic testimony did not have the potential to affect the outcome of the proceedings.

In sum, because Mateo-Diego did not make either of the showings required, the BIA correctly concluded his due process rights were not violated.[2]

### 2. *The BIA Applied the Correct Standard of Review*

Mateo-Diego also argues that the BIA failed to apply the correct standard of review to the IJ's determination that his family would not suffer "exceptional and extremely unusual hardship," which is a prerequisite for cancellation of removal under 8 U.S.C.

---

[2] Because we conclude that Mateo-Diego was not prejudiced by the IJ's refusal to let his wife testify over the phone, we need not consider his arguments that (a) agency regulations and guidance from the Executive Office of Immigration Review concerning the COVID-19 pandemic made telephonic testimony the "only way" to receive a full and fair hearing, Pet'r Br. 14, and (b) the IJ's offer of a continuance to allow his wife to appear in person forced Mateo-Diego to choose between a due process violation and arbitrary detention.

4

§ 1229b(b)(1)(D).[3] The BIA reviews the factual findings underpinning the IJ's hardship determination for clear error. *Kaplun v. Att'y Gen.*, 602 F.3d 260, 270–71 (3d Cir. 2010). It reviews de novo whether those facts "amount to exceptional and extremely unusual hardship." *Id*. at 271 (internal quotation marks omitted).

According to Mateo-Diego, the BIA's observation that "emotional hardship" and "continued financial difficulties . . . will *likely* result," A.R. 4 (emphasis added), was an impermissible act of de novo fact-finding, made necessary by the IJ's failure to make "predictive factual findings" of the hardship his family would suffer upon his removal. Pet'r Br. 25. This argument rests on a flawed premise: While the IJ may not have made an explicit "prediction," she did find that Mateo-Diego's wife had willingly separated from him in the past, that her diabetes did not prevent her from working or supporting the family, and that the couple's daughter would continue to receive eczema treatment through Medicaid. And the IJ made these findings in the course of explaining why Mateo-Diego had failed to establish "that his qualifying relatives *would suffer* exceptional and extremely unusual hardship *should* the respondent be removed." A.R. 163 (emphases added). These factual findings were, at least implicitly, a predictive finding of what would follow Mateo-Diego's removal and were sufficient to enable the BIA to evaluate hardship without finding facts of its own.

---

[3] To the extent that Mateo-Diego's arguments challenge the agency's weighing of the evidence in support of his hardship claim, we lack jurisdiction to review that "quintessential[ly] discretionary judgment." *Hernandez-Morales v. Att'y Gen.*, 977 F.3d 247, 249 (3d Cir. 2020). We do, however, retain jurisdiction to consider whether the BIA committed legal error by applying an incorrect standard of review. *See Alimbaev v. Att'y Gen.*, 872 F.3d 188, 194 (3d Cir. 2017).

In short, the BIA articulated the proper standard of review, described the facts the IJ found, concluded that those findings were not clearly erroneous, and agreed with the IJ that the hardship they established did not meet the threshold of "exceptional and extremely unusual."

**B.      Conclusion**

For the foregoing reasons, we will deny Mateo-Diego's petition for review.